UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DOREEN TETTEH KWAO, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:23-cv-01038 |
| PROFESSIONAL PLACEMENT SERVICES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** DOREEN TETTEH KWAO ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of PROFESSIONAL PLACEMENT SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of Illinois and all of the events or omissions giving rise to Plaintiff's claims occurred in this Central District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age residing in Bloomington, Illinois.

5. Defendant is engaged in collecting or attempting to collect, directly or indirectly, defaulted debts owed or asserted to be owed or due to another using the mail, credit reporting and telephone from consumers across the country, including consumers in the state of Illinois. Defendant is a furnisher of information to the major credit reporting agencies, including TransUnion, Equifax and Experian. Defendant's principal place of business is located at 272 N. 12th St., Milwaukee, Wisconsin 53233.

**FACTS SUPPORTING CAUSES OF ACTION**

6. In or around May 2021, Plaintiff received a dunning letter from Defendant in regards to an outstanding debt asserted to be owed by Plaintiff resulting from Defendant obtaining the debt, after an alleged default from Plaintiff from Advocate Health Care for $71 ("subject debt," or "subject account").

7. On May 31, 2021, Plaintiff contacted Advocate Health Care to ask if there was any debt in her name that was sent to collections.

8. Advocate Health Care stated that they did not have any information about Plaintiff or the subject debt Defendant asserted to be owed.

9. Soon thereafter, Plaintiff viewed her credit report and noticed Defendant reporting the subject debt to Equifax as in collections with a balance of $71.

10. Subsequently, Plaintiff initiated a credit dispute of the subject debt with Equifax as "unauthorized bill/not mine."

11. Upon information and belief, Defendant received notice of Plaintiff's dispute from Equifax within five days of Equifax receiving Plaintiff's dispute. *See* 15 U.S. Code §1681i(a)(2).

12. Despite sending a dispute to Equifax stating that the subject debt did not belong to her, Equifax and Defendant never corrected the inaccurate and materially misleading trade line

reporting on her Equifax consumer credit file. Specifically, Defendant verified the subject debt as belonging to Plaintiff.

13. Notwithstanding Plaintiff's dispute, Defendant failed to conduct a timely and reasonable investigation into Plaintiff's dispute after being put on notice of the erroneous credit reporting of the subject debt.

14. At no point did Plaintiff ever owe the subject debt. Plaintiff sought legal representation to remove the misleading and erroneous reporting of the subject debt from her Equifax credit report.

### SUBSEQUENT DISPUTE WITH EQUIFAX

15. On August 18, 2021, Plaintiff initiated another credit dispute to Equifax regarding the subject account, reporting a $71 trade line in which Plaintiff never owed.

16. Upon information and belief, Defendant received notice of Plaintiff's dispute and all enclosed supporting documents from Equifax within five days of Equifax receiving Plaintiff's dispute. *See* 15 U.S. Code §1681i(a)(2).

17. On November 29, 2021, Equifax and Defendant responded to Plaintiff's dispute by verifying that the trade line was accurate despite Plaintiff's second detailed dispute.

18. The reporting of Defendant's trade line is patently inaccurate, and creates a materially misleading impression that Plaintiff was delinquent on the subject debt; however, Plaintiff stated that the subject debt was falsely assigned to her despite never owing the subject debt.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

19. The erroneous reporting of subject account paints a false and damaging image of Plaintiff. After it was provided notice by Plaintiff and Equifax, Defendant did not update its trade line to accurately reflect that Plaintiff's dispute of the account on Plaintiff's Equifax credit report.

20. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

21. The inaccurate reporting of the subject account had significant adverse effects on Plaintiff's credit rating because it created a false impression that Plaintiff is obligated to pay Defendant despite never owing the subject debt, rendering Plaintiff a high risk consumer and damaging her creditworthiness.

22. Additionally, in an effort to remedy the continued inaccurate and incomplete reporting of the subject debt and to validate the accuracy of Defendant's credit reporting, Plaintiff purchased a Credit Report and Score for $9.95.

23. As a result of actions, and inaction of the Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically time expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

24. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in her credit file.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

25. Plaintiff restates and reallages paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

27. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

28. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

29. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

30. Defendant violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

31. Defendant violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

32. Had Defendant reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate designation of the subject debt, transmitting the correct information to Equifax. Instead, Defendant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

33. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's disputes with Equifax.

34. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject debt.

35. Defendant violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's credit files.

36. Defendant failed to conduct a reasonable investigation of its reporting of the subject debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's credit files within 30 days of receiving notice of the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

37. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Defendant did not correct the errors or trade line to report accurately. Instead, Defendant wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's disputes to one or more third parties.

38. A reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's credit files.

39. Had Defendant taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

40. By deviating from the standards established by the debt collection industry and the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE,** Plaintiff DOREEN TETTEH KWAO respectfully requests this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

    c.    Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

    d.    Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

    e.    Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    f.    Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

    g.    Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41.    Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42.    The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

43.    The subject debt qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

44.    Defendant qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail, credit reporting, and the telephones to collect delinquent consumer accounts.

45.    Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default or in the alternative, treated the subject debt as if it was in default. 15 U.S.C. §1692a(6).

46. Defendant communications to Plaintiff were made in connection with a collection of the subject debt.

47. Defendant violated 15 U.S.C. §§1692e, e(2), e(8), e(10), and f, through its debt collection efforts on the subject debt.

    a. **Violations of FDCPA § 1692e**

48. Defendant violated §1692e when it used false, deceptive and misleading representations in connection with the debt collection of the subject debt. Specifically, Defendant reported the subject debt on Plaintiff's credit report despite Plaintiff never owing the debt. Even after disputing the subject debt, Defendant verified and re-verified the subject debt and continued to falsely report its trade line on Plaintiff's Equifax credit file.

49. Defendant violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was never owed upon Defendant demanding payment of the subject debt. Specifically, Plaintiff did not have any legal or personal obligation to pay Defendant as Defendant picked up the subject debt from Advocate Health Care which never belonged to Plaintiff.

50. Defendant violated §1692e(8) by threatening and communicating patently false credit information to Equifax that it knew, or should have known, to be false by inaccurately reporting the subject debt as in collections with a balance. This information was inaccurate and misleading because the subject debt was never owed and therefore Plaintiff had no obligations to Defendant.

51. Defendant had actual knowledge that the alleged subject debt was false because it received notices of Plaintiff's disputes from Plaintiff, and Equifax.

52. Defendant violated §1692e(10) when it used false representations and/or deceptive means to collect and/or attempt to collect the subject debt. The subject debt was not owed at any time, yet, Defendant pursued payment from Plaintiff.

    b.    **Violations of FDCPA § 1692f**

53. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was not owed at any time Defendant demanded payment and continued to report Plaintiff in collections with a balance. Plaintiff did not have any legal obligation to pay Defendant. Instead, Defendant tried to dragoon Plaintiff into making a payment by attempting to mislead her into believing that she is delinquent on the subject debt and is still obligated to make payment on the subject debt.

54. Defendant attempted to coerce and induce the Plaintiff into paying a debt that was not legally owed.

55. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt not owed.

56. Upon information and belief, Defendant has no system in place to identify and cease collection of debts that are not owed.

57. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff DOREEN TETTEH KWAO respectfully requests this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k;

d. Enjoin Defendant from further attempts to collect the subject debt from Plaintiff; and

e. Award any other relief as this Honorable Court deems just and appropriate.

Dated: February 2, 2023                    Respectfully Submitted,

/s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 150
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*